



**FILED**
**Mar 14, 2025**
**01:01 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Matea Sanchez Galindo | ) | Docket No. 2022-01-0887 |
| | ) | |
| v. | ) | State File No. 801233-2022 |
| | ) | |
| La-Z-Boy, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Dismissed and Remanded

---

The employee filed a notice of appeal in Spanish purportedly seeking to appeal the trial court's denial of her motion to continue a summary judgment hearing. Despite having been instructed that the notice of appeal must be in English and having been provided resources to assist with obtaining the translation, the employee failed to file anything further. Accordingly, we are unable to discern any issues or argument on appeal, and the appeal is therefore dismissed. The case is remanded to the trial court.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Matea Sanchez Galindo, Dayton, Tennessee, employee-appellant, pro se

Prairie A. Arnold, Chattanooga, Tennessee, for the employer-appellee, La-Z-Boy, Inc.

### ORDER[1]

Matea Sanchez Galindo ("Employee") alleged that she suffered an injury to her head on December 7, 2021, while working for La-Z-Boy, Inc. ("Employer"). After Employer initially provided workers' compensation benefits, it obtained a medical opinion from the authorized physician that Employee's complaints did not arise primarily out of her employment. Employer terminated benefits and denied the claim, prompting

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

Employee to file a petition for benefit determination. After an expedited hearing, the trial court concluded Employee had not shown she was likely to prevail at a hearing on the merits and denied her request for benefits. That order was not appealed.

Thereafter, Employer filed a motion for summary judgment, and a hearing was scheduled for December 30, 2024. On December 20, 2024, Employee filed what appears to be a motion seeking a continuance of the hearing. According to the trial court's order, Employee wished to delay the hearing until after she had a medical appointment with a physician of her choosing in June 2025. In a December 23 order, the court denied that motion, noting that Employee had had ample time to obtain a medical opinion in support of her position. The telephonic hearing on Employer's motion for summary judgment was held as scheduled on December 30. After the hearing, Employee filed an incomplete and defective notice of appeal on January 2, 2025. The Clerk of the Court of Workers' Compensation Claims promptly instructed Employee that, in order to properly file an appeal, she would have to file a *completed* notice of appeal. Employee then filed a completed notice of appeal, but it was in Spanish.[2] Employee was then notified that she would need to have the notice of appeal translated into English, and she was provided guidance on how to accomplish that by the court clerk. Employee did not file a notice of appeal in English, and she did not file any other document in support of her appeal.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed*, 301 S.W.3d at 615. It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

---

[2] Employee filed her petition for benefit determination in English, and Employer has repeatedly cited other examples in the record supporting its argument that Employee has exhibited no difficulty communicating in English.

2

Here, we can do no more than presume Employee is appealing the trial court's order denying her motion for a continuance. She has not provided a notice of appeal in English despite having been instructed that she would need to do so. She has filed no brief and provided no argument or explanation describing how she believes the trial court erred. Accordingly, due to the fatal inadequacies in Employee's appeal and due to her failure to take any necessary action to prosecute her appeal, we dismiss the appeal. The case is remanded to the trial court. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Matea Sanchez Galindo | ) | Docket No. 2022-01-0887 |
| | ) | |
| v. | ) | State File No. 801233-2022 |
| | ) | |
| La-Z-Boy, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 14th day of March, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Matea Sanchez Galindo | | | | X | solmathysanchez@gmail.com |
| Prairie Arnold | | | | X | parnold@arnold-lawyers.com |
| Thomas L. Wyatt, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov